UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ADAM LACROIX, as an individual,<br><br>                                    Plaintiff,<br><br>- against -<br><br>TOWN OF FORT MYERS BEACH, FLORIDA; BILL STOUT, in his individual capacity and acting as a code compliance officer for the TOWN OF FORT MYERS BEACH, FLORIDA; OFFICER LUCCI, in her individual capacity and acting as a code compliance officer for the TOWN OF FORT MYERS BEACH, FLORIDA,<br><br>                                    Defendants. | Case No: _____<br><br>**PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>CIVIL RIGHTS ACTION TITLE 42 U.S.C. § 1983<br><br>DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

COMES NOW Plaintiff, ADAM LACROIX, as an individual (hereinafter "Plaintiff"), by and through his counsel, and as his cause of action against Defendants herein, avers as follows:

**INTRODUCTION**

1.      Plaintiff brings this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by Defendants, TOWN OF FORT MYERS BEACH, FLORIDA ("Town"); BILL STOUT ("Stout"), in his individual capacity and acting as a code compliance officer for the TOWN OF FORT MYERS BEACH, FLORIDA; OFFICER LUCCI ("Lucci"), in her individual capacity and acting as a code compliance officer for the TOWN OF FORT MYERS BEACH, FLORIDA (collectively "Defendants").

2.      On October 1, 2020, Stout issued a written warning to Plaintiff pursuant to the Town's Code ("Code"). *See* attached Exhibit 1.

PLAINTIFF'S VERIFIED COMPLAINT - Page 1

3.     On October 1, 2020, Stout issued a written warning to Plaintiff pursuant to the Town's Code based upon the policies, practices and customs ("Policies") approved by the Town for interpreting, enforcing, and applying the Town's Code.

4.     On December 17, 2020, Lucci issued a written citation to Plaintiff pursuant to the Town's Code ("Code").

5.     On December 17, 2020, Lucci issued a written citation to Plaintiff pursuant to the Town's Code based upon the policies, practices and customs ("Policies") approved by the Town for interpreting, enforcing, and applying the Town's Code.

6.     Plaintiff challenges the manner (as-applied challenge) in which the Town's Code was interpreted, enforced, and applied against him. Defendant Town trains its officers, agents, and employees to interpret, enforce, and apply the Town's Code. Plaintiff challenges the Town's Policies for training its officers, agents, and employees to interpret, enforce, and apply the Town's Code, and alleges that the training is either erroneous or lacking in proper instruction to avoid violations of Plaintiff's constitutional rights.

7.     Alternatively, Plaintiff challenges the manner (as-applied challenge) in which Stout interpreted, enforced, and applied the Town's Code. Plaintiff alternatively alleges on October 1, 2020, Stout issued a written warning to Plaintiff pursuant to the Town's Code by acting contrary to the Town's Code and Policies.

8.     Alternatively, Plaintiff challenges the manner (as-applied challenge) in which Lucci interpreted, enforced, and applied the Town's Code. Plaintiff alternatively alleges on December 17, 2020, Lucci issued a written citation to Plaintiff pursuant to the Town's Code by acting contrary to the Town's Code and Policies.

9.     This action challenges the Town's Code as written (facial challenge).

PLAINTIFF'S VERIFIED COMPLAINT - Page 2

## PARTIES

10.    Plaintiff, ADAM LACROIX, is an adult and brings this action in his personal capacity.

11.    Defendant, TOWN OF FORT MYERS BEACH, FLORIDA, is a body politic and corporate located within the State of Florida and has the ability to sue and be sued. The Town has the right, power, privilege, and authority to adopt and enforce the Code and Policies. The Town has the right, power, privilege, and authority to train (or fail to properly train) its officers, agents, and employees to interpret, enforce, and apply the Code and other regulations, and to do and perform all of the acts pertaining to its local affairs. At all material times, the Town acted towards Plaintiff under color of the statutes, ordinances, customs, and usage of the Town. At all material times, the Town was the employer of the Town's code compliance officers, including but not limited to Stout, acting to interpret, enforce, and apply the Code and Policies, and is responsible for the training (or lack thereof), of the Town's code compliance officers. The Town knew of the unlawful enforcement of the Town's Code and Policies alleged herein, and had the power and authority to remedy the unlawful interpretation, enforcement, and application, but failed to do so. The Town, by both its acts and failure to act, has ratified the unlawful interpretation, enforcement, and application of the Code and Policies.

12.    Defendant, BILL STOUT, in his individual capacity and acting as a code compliance officer for the Town, was at all relevant times employed as a Town code compliance officer. BILL STOUT enforced the Code and Policies under color of state law and is sued in his individual capacity.

13.    Defendant, OFFICER LUCCI, in her individual capacity and acting as a code compliance officer for the Town, was at all relevant times employed as a Town code compliance

officer. OFFICER LUCCI enforced the Code and Policies under color of state law and is sued in her individual capacity.

## JURISDICTION AND VENUE

14.     Plaintiff brings this action seeking injunctive relief and nominal and/or compensatory damages to redress deprivations by Defendants, acting under color of state law, of certain rights secured to Plaintiff and others as alleged herein under the United States Constitution and Florida's Religious Freedom Restoration Act of 1998, Fla. Stat. § 761.01-05, as brought pursuant to 42 U.S.C. § 1983.

15.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

16.     Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

17.     This Court has supplemental subject-matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

18.     This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and under Florida's Religious Freedom Restoration Act of 1998, Fla. Stat. § 761.01-05 ("Florida's RFRA"), and to issue the Temporary Restraining Order, Preliminary and Permanent Injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

19.     This Court is authorized to grant Plaintiff's prayer for relief and to award Plaintiff's costs in this action for violations of Plaintiff's constitutional and civil rights, including a reasonable attorneys' fee, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Florida's RFRA.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside and/or do business in the Middle District of Florida and may be found and served in the Middle District of Florida.

21.     Venue is proper in the Middle District of Florida as all of the events giving rise to the claims herein occurred in this District.

## **FACTS**

22.     Plaintiff is an individual acting to spread awareness of his views regarding religious, political, and social topics.

23.     Among Plaintiff's purposes is the belief in a mandate to exercise his rights to freedom of speech and the free exercise of religion, and to further his religious, political, and social beliefs.

24.     Plaintiff brings this action to vindicate and protect his rights to freedom of speech and free exercise of religion, and his rights under Florida's RFRA, in the Town by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

25.     The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the Town ("Public Spaces") are traditional public fora.

26.     Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

**Plaintiff's Planned Activities**

27.     Plaintiff has shared his religious, political, and social speech with people in the Town.

28.     Plaintiff's religious, political and social message is one of hope and salvation that Christianity offers.

29.     Plaintiff has not harassed, encouraged violence, or expressed himself in any way other than in a peaceful manner.

30.     Plaintiff desires to continue his peaceful activities without being incarcerated or cited.

31.     Plaintiff shares his faith in various ways.

32.     Plaintiff distributes free literature and carries portable signs.

33.     Plaintiff records public events for commentary and distribution.

34.     Plaintiff engages others in respectful, one-on-one discussions about Jesus Christ and the Christian faith.

35.     Plaintiff has a religious mandate to go to Public Spaces in the Town.

36.     On upcoming days – including but not limited to days in December 2020 through December 2023 – Plaintiff has concrete plans to engage in his constitutionally-protected activities by peacefully expressing religious, political, and social speech within the Town's Public Spaces, including, but not limited to, at the same location where Stout issued a written warning to Plaintiff on October 1, 2020, and where Lucci issued a written citation to Plaintiff on December 17, 2020.

37.     As a direct and proximate result of Defendants' prior enforcement of the Code and Policies, Plaintiff is unsure of his ability to exercise his constitutionally protected activities and fears future citations and fines.

**The Town Adopts the Code**

38.     The Town adopted the Code. *See* attached Exhibit 1.

39.     Code Section 30-4(a) states: "*Generally*. Except as otherwise provided in this chapter, it shall be unlawful for any person to erect, construct, enlarge, move, or convert any sign in the Town of Fort Myers Beach, or cause such work to be done, without first obtaining a sign permit for each such sign as required by this chapter." *See* attached Exhibit 1.

40.     Section 30-5(18) states: "The following signs are prohibited … Portable signs." *See* attached Exhibit 1.

41.     The Code defines "Portable signs" as "Any moveable sign not permanently attached to the ground or a building." *See* attached Exhibit 1.

42.     The Town's Code applies throughout the Town. *See* attached Exhibit 1.

43.     The Town's Code does not allow for an exemption of Plaintiff's portable signs. *See* attached Exhibit 1.

44.     The Town's Code, Section 30-6, "Exempt signs" exempts other signs. *See* attached Exhibit 1.

45.     The Town's Code, Section 30-6, states: "The following signs are exempt from the permitting requirements of this chapter:" *See* attached Exhibit 1.

46.     The Town's Code, Section 30-6, provides an exemption for:

Flags that contain no commercial message.

*Garage sale signs.* Garage sale signs, provided they are erected not more than 24 hours prior to the sale and are removed within 72 hours of the time they were erected.

Incidental signs not exceeding two square feet in area per sign and limited to two signs per parcel or lot.

Real estate, open house, and model signs.

Special event signs.

*Temporary signs.* Temporary election signs, special event signs, and real estate signs as provided in § 30-141.

*See* attached Exhibit 1.

47.     The Town's Code, Section 30-141, regulating "Temporary signs" does not exist.

48.      The Town's Code, Section 30-151, is titled "Temporary signs." *See* attached Exhibit 1.

49.     The Town's Code, Section 30-151, "Temporary signs" states: "The following temporary signs are permitted in all zoning districts subject to the following regulations. It shall be unlawful to erect, cause to be erected, maintain, or cause to be maintained any temporary sign which fails to comply with the following regulations:" *See* attached Exhibit 1.

50.     The Town's Code, Section 30-151, subsection (4), provides an exemption for "Election signs." *See* attached Exhibit 1.

51.     The Town's Code, Section 30-151, subsection (7), provides an exemption for "Real estate signs." *See* attached Exhibit 1.

## **The October 1, 2020, Written Warning**

52.     On October 1, 2020, Plaintiff was exercising his constitutional rights to freedom of speech and free exercise of religion by peacefully sharing his message.

53.     On October 1, 2020, the public sidewalks and public streets where Plaintiff was located were open to the public.

54.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Plaintiff was located on a Town public sidewalk.

55.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Plaintiff was located on a Town public sidewalk open to pedestrians.

56.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Stout stated on the written warning "30-5 para 18."

57.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Stout stated on the written warning "portable sign violation."

58.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Stout stated on the written warning "next violation will result in a citation for $100.00 or more to be issued."

59.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, other signs were allowed by exemption. *See* attached Exhibit 1.

60.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Flags (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

61.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Garage sale signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

62.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Incidental signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

63.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Real estate signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

64.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, open house signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

65.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, model signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

66.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Special event signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

67.     On October 1, 2020, at the time Stout issued a written warning to Plaintiff, Election signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

**The December 17, 2020, Written Citation**

68.     On December 17, 2020, Plaintiff was exercising his constitutional rights to freedom of speech and free exercise of religion by peacefully sharing his message.

69.     On December 17, 2020, the public sidewalks and public streets where Plaintiff was located were open to the public.

70.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Plaintiff was located on a Town public sidewalk.

71.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Plaintiff was located on a Town public sidewalk open to pedestrians.

72.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Lucci stated on the written citation "Signs 30-4(a) 30-5 (18)."

73.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Lucci stated on the written citation a fine for $100.00.

74.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, other signs were allowed by exemption. *See* attached Exhibit 1.

75.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Flags (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

76.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Garage sale signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

77.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Incidental signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

78.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Real estate signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

79.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, open house signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

80.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, model signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

81.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Special event signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

82.     On December 17, 2020, at the time Lucci issued a written citation to Plaintiff, Election signs (as defined by the Town's Code) were allowed by exemption. *See* attached Exhibit 1.

## PLAINITFF'S ATTEMPT TO AVOID LITIGATION

83.     On December 18, 2020, Plaintiff called to speak with a Town official regarding Defendants' enforcement. On December 18, 2020, Plaintiff spoke with the Town's Beach and Street Enforcement Supervisor, Mr. Todd Sears. Plaintiff asked why Lucci issued the December 17, 2020, citation to Plaintiff when he was not carrying a sign. Mr. Sears replied that Plaintiff was issued the citation because Plaintiff was the "leader" of the group so the citation was valid. Plaintiff asked Mr. Sears why the person holding the sign in the group was not issued the citation and Mr. Sears explained the Town's code compliance officers do not have time to seek out each individual so they instead issue the citation to the group leader. Plaintiff replied that enforcement action did not seem fair and Mr. Sears then decided to dismiss the December 17, 2020, citation. The dismissal of the December 17, 2020, citation only removes the requirement that Plaintiff

appear in court for the December 17, 2020, citation without providing any relief from the Code as written nor does it provide any assurance that the Town or its code compliance officers will not again enforce the Code against Plaintiff when he holds a sign.

### GENERAL ALLEGATIONS

84. As a direct and proximate result of Defendants' prior enforcement of the Town's Code and Policies, Plaintiff is forfeiting his constitutionally protected activities due to fear of repeated citation and fines.

85. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, Plaintiff was unconstitutionally denied the right to freedom of speech.

86. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, Plaintiff was unconstitutionally denied the right to the free exercise of his religion.

87. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, Plaintiff was issued a written warning stating "next violation will result in a citation for $100.00 or more to be issued."

88. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on December 17, 2020, Plaintiff was issued a written citation.

89. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, Plaintiff was publicly humiliated.

90. As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, Plaintiff was publicly embarrassed.

91.     Defendants' enforcement of the Town's Code and Policies and the Town's officers', agents', and employees' actions under color of state law on October 1, 2020, and December 17, 2020, have deprived, and continue to deprive, Plaintiff of his constitutional rights.

92.     As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, and the Town's officers', agents', and employees' actions under color of state law, Plaintiff fears future repeated citation and fines when exercising his constitutional rights.

93.     As a direct and proximate result of Defendants' enforcement of the Town's Code and Policies on October 1, 2020, and December 17, 2020, and the Town's officers', agents', and employees' actions under color of state law, Plaintiff is uncertain and unsure of his ability to exercise his constitutional rights.

94.     Plaintiff has been damaged by the deprivation of his rights guaranteed by the United States Constitution and Florida's RFRA.

95.     As interpreted and enforced by Defendants, the Town's Code and Policies prohibit Plaintiff's manner of expressing his constitutional rights.

96.     As interpreted and enforced by Defendants, Plaintiff is subject to the provisions of the Town's Code and Policies.

97.     Plaintiff is uncertain whether he will be cited and fined in the future while attempting to exercise his constitutional rights within the Town.

98.     The threat of future citation and fines is both great and immediate.

99.     Based upon the prior enforcement actions, there is a credible threat that Plaintiff will be cited and fined in the future while attempting to exercise his constitutional rights within the Town, including, but not limited to, at the same location where Stout issued a written

warning to Plaintiff on October 1, 2020, and the same location where Lucci issued a written citation to Plaintiff on December 17, 2020.

100.    The future impingement of Plaintiff's rights is an absolute certainty unless and until this Court grants the injunctive relief requested herein.

101.    Defendants have discouraged Plaintiff's constitutional rights to the point that Plaintiff fears future citation and fines while exercising his constitutional and civil rights.

102.    Plaintiff wishes to continue exercising his constitutional rights and has specific and concrete intentions to continue engaging in the exercise of his constitutional rights, including activities prohibited by the Town's Code and Policies, as interpreted and enforced by Defendants, but he is fearful of future repeated citation and fines for exercising his constitutional and civil rights.

103.    The violations of Plaintiff's constitutional rights alleged herein have caused, and will continue to cause, Plaintiff to suffer extreme hardship, both actual and impending, irreparable injury, and damage.

104.    Plaintiff currently suffers from the denial of rights guaranteed by the United States Constitution and Florida's RFRA because of Defendants' actions taken under color of law.

105.    There is a substantial likelihood that Plaintiff will prevail on the merits in this case because Defendants' enforcement of the Town's Code and Policies and Defendants' actions under color of state law constitute an abridgement of Plaintiff's constitutional rights and a violation of Florida's RFRA.

106.    The harm to Plaintiff outweighs any subjective harm to Defendants.

107.    The public interest is benefited when constitutional and civil rights are protected by the Courts.

108. Defendants' enforcement of the Town's Code and Policies, and the Town's customs, policies, practices, and actions under color of state law, deprived Plaintiff of his rights protected by the United States Constitution and Florida's RFRA.

109. Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

110. As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiff suffered the loss of Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

111. Defendants' actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscious disregard of Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

112. Defendants' enforcement of the Town's Code and Policies, and the Town's customs and practices, enforced under color of state law, are the moving force behind the violation of Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

113. Defendants' enforcement of the Town's Code and Policies, and the Town's customs and practices, enforced under color of state law, operate to unconstitutionally limit, ban, and censor Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

114. Defendant Town had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees so as to prevent the constitutional violations and the violation of Florida's RFRA, as alleged herein.

115.     Defendant Town failed to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees so as to prevent the constitutional violations and the violation of Florida's RFRA, as alleged herein.

116.     Defendant Town's actions and omissions regarding the failure to adequately train its officers, agents, and employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff's rights protected by the United States Constitution and Florida's RFRA.

117.     Plaintiff has satisfied all conditions precedent to bringing this action.

118.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Florida's RFRA.

## AS AND FOR A FIRST CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AS APPLIED AGAINST DEFENDANTS TOWN, STOUT, AND  LUCCI

### THE CODE AND DEFENDANTS' ACTIONS<br>VIOLATE THE FREEDOM OF SPEECH CLAUSE OF<br>THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

119.     The averments of paragraphs 1-118 are repeated and alleged in full force and effect as if repeated in their entirety herein.

120.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of speech.

121.     As interpreted and enforced by Defendants, the Town's Code prohibits Plaintiff's manner of freedom of speech.

122.     Stout's actions were performed under color of state law in that he claimed to be performing an official duty, but his acts were outside the limits of lawful authority and abusive in manner, and he further acted in a way that misused his power, and was able to do so only because of his position as a Town official.

123.     Lucci's actions were performed under color of state law in that she claimed to be performing an official duty, but her acts were outside the limits of lawful authority and abusive in manner, and she further acted in a way that misused her power, and was able to do so only because of her position as a Town official.

124.     Defendants' actions were taken with malice or reckless indifference to Plaintiff's right to freedom of speech.

125.     As applied, the Town's Code unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.       allows for the exercise of unbridled discretion; and,

b.       lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.       bars the free speech of Plaintiff and possibly other citizens in a traditional public forum.

126.     The Town's Code as applied is content-based and impedes Plaintiff's right to freedom of speech because it denies Plaintiff's right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

127.     Defendants' enforcement, actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and

those of the general public, to engage in freedom of speech activities otherwise protected by the First Amendment.

128.    As applied, the Town's Code prohibits Plaintiff's manner of freedom of speech.

129.    Plaintiff was deprived of his right under the First Amendment to engage in freedom of speech activities prohibited by the Town's Code as applied.

130.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in freedom of speech.

131.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AS APPLIED AGAINST DEFENDANTS TOWN, STOUT, AND LUCCI

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

132.    The averments of paragraphs 1-118 are repeated and alleged in full force and effect as if repeated in their entirety herein.

133.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the free exercise of religion.

134.     Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Town's Code, as interpreted and enforced by Defendants.

135.     The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

136.     As interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Town's Code.

137.     Stout's actions were performed under color of state law in that he claimed to be performing an official duty, but his acts were outside the limits of lawful authority and abusive in manner, and he further acted in a way that misused his power, and was able to do so only because of his position as a Town official.

138.     Lucci's actions were performed under color of state law in that she claimed to be performing an official duty, but her acts were outside the limits of lawful authority and abusive in manner, and she further acted in a way that misused her power, and was able to do so only because of her position as a Town official.

139.     Defendants' actions were done with malice or reckless indifference to Plaintiff's right to the free exercise of religion.

140.     Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

141.     By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the Town's Public Spaces, and, alternatively, abiding by his religious beliefs only to be cited and fined, Defendants have imposed a substantial burden on Plaintiff's sincerely held religious beliefs and the exercise of his religion.

142.     As applied, the Town's Code unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.     allows for the exercise of unbridled discretion; and,

b.     lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.     bars the free exercise of religion of Plaintiff and possibly other citizens in a traditional public forum.

143.     The Town's Code as applied is content-based and impedes Plaintiff's right to the free exercise of religion because it denies Plaintiff's right to the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

144.     Defendants' enforcement, actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in free exercise of religion activities otherwise protected by the First Amendment.

145.     As applied, the Town's Code prohibits Plaintiff's manner of free exercise of religion.

146.     Plaintiff was deprived of his right under the First Amendment to engage in free exercise of religion activities prohibited by the Town's Code as applied.

147.     Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in the free exercise of religion.

148.     Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AS WRITTEN AGAINST DEFENDANT TOWN

### THE CODE VIOLATES THE FREE SPEECH AND FREE EXERCISE CLAUSES OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

149.     The averments of paragraphs 1-118 are repeated and alleged in full force and effect as if repeated in their entirety herein.

150.     The First Amendment to the United States Constitution prohibits unconstitutionally abridging the right to freedom of speech and/or the right to the free exercise of religion.

151.  The Town's Code as written bans all of Plaintiff's political, social and religious speech in traditional public fora that is expressed through portable signs.

152.  The Town's Code as written does not allow for an exemption of Plaintiff's portable signs.

153.  The Town's Code, Section 30-6, "Exempt signs" exempts other signs.

154.  The Town's Code as written leads to actions, policies, and practices, as evidenced from the enforcement as alleged herein, that lack sufficient objective standards to curtail the discretion of the Town's officials and code compliance officers.

155.  The Town's Code as written provides Defendants and the Town's officers, agents, and employees the opportunity to enforce content-based speech restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

156.  The Town's Code as written unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.  allows for the exercise of unbridled discretion; and,

b.  lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.  bars the free speech and free exercise of religion of Plaintiff and other citizens in a traditional public forum.

157.  Plaintiff was deprived of his constitutional rights prohibited by the Town's Code as written.

158.  The Town's Code as written unconstitutionally restricts and prohibits Plaintiff's rights under the First Amendment to engage in free speech and free exercise of religion activities.

159.    The Town's Code as written is unconstitutionally overbroad and is not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in free speech and free exercise of religion activities otherwise protected by the First Amendment.

160.    Plaintiff was deprived of his right to engage in freedom of speech and free exercise of religion activities prohibited by the Town's Code.

161.    Plaintiff has been, and continues to be, deprived of his right to engage in freedom of speech and free exercise of religion activities.

162.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

**AS AND FOR A FOURTH CAUSE OF ACTION:**

**SECTION 1983 – UNCONSTITUTIONAL CODE AS WRITTEN
AGAINST DEFENDANT TOWN**

**THE CODE VIOLATES
THE EQUAL PROTECTION CLAUSE OF
THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

163. The averments of paragraphs 1-118 are repeated and alleged in full force and effect as if repeated in their entirety herein.

164. The Fourteenth Amendment to the United States Constitution prohibits unconstitutionally abridging the right to freedom of speech and/or the right to the free exercise of religion.

165. The Town's Code as written bans all of Plaintiff's political, social and religious speech in traditional public fora that is expressed through portable signs.

166. The Town's Code as written does not allow for an exemption of Plaintiff's portable signs.

167. The Town's Code, Section 30-6, "Exempt signs" exempts other signs.

168. The Town's Code as written leads to actions, policies, and practices, as evidenced from the enforcement as alleged herein, that lack sufficient objective standards to curtail the discretion of the Town's officials and code compliance officers.

169. The Town's Code as written provides Defendants and the Town's officers, agents, and employees the opportunity to enforce content-based speech restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

170. The Town's Code as written provides Defendants and the Town's officers, agents, and employees the opportunity to enforce speech restrictions in an unconstitutional manner

against Plaintiff while not equally enforcing the Town's Code against other similarly situated persons.

171.    The Town's Code as written provides the Town and its officers, agents, and employees the opportunity to enforce speech restrictions that require Plaintiff to censor his speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals in similar situations.

172.    The Town's Code as written imposes a burden on Plaintiff's constitutional rights by:

a.    allowing for the exercise of unbridled discretion; and,

b.    lacking narrow tailoring, failing to achieve any legitimate government purpose, and failing to leave open alternative avenues for expression; and,

c.    barring the free speech and free exercise of religion of Plaintiff in a traditional public forum.

173.    The Town's Code as written impedes Plaintiff's right to free speech and the free exercise of religion because it denies Plaintiff's right to free speech and the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

174.    The Town's Code as written is unconstitutionally overbroad and is not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in free speech and free exercise of religion activities otherwise protected by the First Amendment.

175.    The Town's Code as written prohibits Plaintiff's manner of free speech and free exercise of religion.

176.    The Town's Code as written deprived Plaintiff of his right under the First Amendment to engage in free speech and free exercise of religion activities.

177.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in free speech and the free exercise of religion.

178.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

### AS AND FOR A FIFTH CAUSE OF ACTION:

### THE CODE AS WRITTEN AND APPLIED
### AGAINST DEFENDANTS TOWN, STOUT, AND  LUCCI

### THE CODE AND DEFENDANTS' ACTIONS
### VIOLATE FLORIDA'S RELIGIOUS FREEDOM RESTORATION ACT

179.    The averments of paragraphs 1-118 are repeated and alleged in full force and effect as if repeated in their entirety herein.

180.    Florida's RFRA prohibits Defendants from substantially burdening Plaintiff's religious exercise absent Defendants bringing forth evidence that the burden upon Plaintiff satisfies a compelling government interest in the least restrictive means possible.

181.    Plaintiff has a personal belief and mandate to spread the Gospel of Jesus Christ, and Plaintiff, as an individual and with associates, engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Code as interpreted and enforced by Defendants.

182.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

183.    Stout's actions were performed under color of state law in that he claimed to be performing an official duty, but his acts were outside the limits of lawful authority and abusive in manner, and he further acted in a way that misused his power, and was able to do so only because of his position as a Town official.

184.    Lucci's actions were performed under color of state law in that she claimed to be performing an official duty, but her acts were outside the limits of lawful authority and abusive in manner, and she further acted in a way that misused her power, and was able to do so only because of her position as a Town official.

185.    The Town's Code as written bans all of Plaintiff's political, social and religious speech in traditional public fora that is expressed through portable signs.

186.    The Town's Code as written does not allow for an exemption of Plaintiff's portable signs.

187.    The Town's Code, Section 30-6, "Exempt signs" exempts other signs.

188.    As written, interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Town's Code.

189.    Plaintiff sought, and continues to seek, to engage in religious speech through sharing his faith.

190.    The Town's Code as written and the enforcement requires Plaintiff to censor his religious speech and imposes a burden on Plaintiff that is not imposed on other individuals.

191.    By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the Town's Public Spaces, and, alternatively, abiding by his religious beliefs only to be cited, and/or fined, Defendants have imposed a substantial burden on Plaintiff's sincerely held religious beliefs and the exercise of his religion.

192.    As written and applied, the Town's Code imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.    allows for the exercise of unbridled discretion; and,

b.    lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.    bars the free exercise of religion of Plaintiff and possibly other citizens in a traditional public forum.

193.    The Town's Code as written and applied impedes Plaintiff's right to the free exercise of religion because it denies Plaintiff's right to the free exercise of religion and satisfies no compelling government interest in the least restrictive means possible.

194.    The Town's Code as written and the enforcement, actions, policies, and practices are content-based and unconstitutionally overbroad and are not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in free exercise of religion activities otherwise protected by Florida's RFRA.

195.    As written and applied, the Town's Code prohibits Plaintiff's manner of free exercise of religion.

196.    Plaintiff was deprived of his right under Florida's RFRA to engage in free exercise of religion activities prohibited by the Town's Code as written and applied.

197.    Plaintiff has been, and continues to be, deprived of his right under Florida's RFRA to engage in the free exercise of religion.

198.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

## AS TO COUNT I:

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a Temporary Restraining Order, and preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing the Town's Code in

the manner Defendants enforced it against Plaintiff on October 1, 2020, and December 17, 2020; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.    That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of the Town's Code; and,

5.    That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of the Town's Code against Plaintiff on October 1, 2020, and December 17, 2020, violated Plaintiff's right to freedom of speech; and,

6.    That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.    That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant Town; and,

8.    That this Court grant Plaintiff prejudgment and post judgment interest; and,

9.    That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.    That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, or other applicable law; and,

PLAINTIFF'S VERIFIED COMPLAINT - Page 31

11.     That this Court grant Plaintiff such other and further relief as may be just and

proper.

**AS TO COUNT II:**

1.     That this Court assume jurisdiction of this matter; and,

2.     That this Court issue a Temporary Restraining Order, and preliminary and

permanent injunction restraining and enjoining Defendants, and all persons acting

in concert or participating with Defendants, from enforcing the Town's Code in

the manner Defendants enforced it against Plaintiff on October 1, 2020, and

December 17, 2020; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or

other security; and,

4.     That this Court issue Declaratory Judgment under the Declaratory Judgment Act

to determine Plaintiff's and Defendants' rights and duties regarding enforcement

of the Town's Code; and,

5.     That this Court enter a judgment and decree declaring that Defendants'

enforcement, interpretation, and application of the Town's Code against Plaintiff

on October 1, 2020, and December 17, 2020, violated Plaintiff's right to free

exercise of religion; and,

6.     That this Court adjudge, decree, and declare the rights and other legal relations

with the subject matter here in controversy, in order that such declaration shall

have the force and effect of final judgment; and,

7.     That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendant Town; and,

PLAINTIFF'S VERIFIED COMPLAINT - Page 32

8.     That this Court grant Plaintiff prejudgment and post judgment interest; and,

9.     That this Court retain jurisdiction of this matter for the purpose of enforcing any

       Orders; and,

10.    That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to

       42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil

       Procedure, 28 U.S.C. § 1920, or other applicable law; and,

11.    That this Court grant Plaintiff such other and further relief as may be just and

       proper.

## <u>AS TO COUNT III:</u>

1.     That this Court assume jurisdiction of this matter; and,

2.     That this Court issue a Temporary Restraining Order, and preliminary and

       permanent injunction restraining and enjoining Defendants, and all persons acting

       in concert or participating with Defendants, from enforcing the Town's Code in

       the manner Defendants enforced it against Plaintiff on October 1, 2020, and

       December 17, 2020; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or

       other security; and,

4.     That this Court issue Declaratory Judgment under the Declaratory Judgment Act

       to determine Plaintiff's and Defendant Town's rights and duties regarding

       enforcement of the Town's Code; and,

5.     That this Court enter a judgment and decree declaring that the Town's Code is

       unconstitutional as written; and,

6.     That this Court adjudge, decree, and declare the rights and other legal relations

with the subject matter here in controversy, in order that such declaration shall

have the force and effect of final judgment; and,

7.     That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendant Town; and,

8.     That this Court grant Plaintiff prejudgment and post judgment interest; and,

9.     That this Court retain jurisdiction of this matter for the purpose of enforcing any

Orders; and,

10.    That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to

42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil

Procedure, 28 U.S.C. § 1920, or other applicable law; and,

11.    That this Court grant Plaintiff such other and further relief as may be just and

proper.

**AS TO COUNT IV:**

1.     That this Court assume jurisdiction of this matter; and,

2.     That this Court issue a Temporary Restraining Order, and preliminary and

permanent injunction restraining and enjoining Defendants, and all persons acting

in concert or participating with Defendants, from enforcing the Town's Code in

the manner Defendants enforced it against Plaintiff on October 1, 2020, and

December 17, 2020; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or

other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendant Town's rights and duties regarding enforcement of the Town's Code; and,

5.      That this Court enter a Court enter a judgment and decree declaring that the Town's Code is unconstitutional as written; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

8.      That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, or other applicable law; and,

9.      That this Court grant Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT V:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a Temporary Restraining Order, and preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing the Town's Code in the manner Defendants enforced it against Plaintiff on October 1, 2020, and December 17, 2020; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or
        other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act
        to determine Plaintiff's and Defendants' rights and duties regarding enforcement
        of the Town's Code; and,

5.      That this Court enter a judgment and decree declaring that Defendants'
        enforcement, interpretation, and application of the Town's Code against Plaintiff
        on October 1, 2020, and December 17, 2020, violated Plaintiff's right to free
        exercise of religion as written and applied; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations
        with the subject matter here in controversy, in order that such declaration shall
        have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
        against Defendant Town; and,

8.      That this Court grant Plaintiff prejudgment and post judgment interest; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any
        Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to
        Florida's Religious Freedom Restoration Act, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and
        proper.

## VERIFICATION SUPPORTING COMPLAINT

Pursuant to 28 U.S. Code § 1746, I verify under penalty of perjury that the foregoing

facts are true and correct.

Executed this 20th day of December 2020, at ___Fort Myers___ Florida.

Respectfully submitted,

_____
ADAM LACROIX

PLAINTIFF'S VERIFIED COMPLAINT - Page 37

Respectfully submitted this 20th day of December 2020.

/s/Frederick H. Nelson
Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
Lead Trial Counsel for Plaintiff
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org