UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM LACROIX,

       Plaintiff,

v.                                               Case No: 2:20-cv-992-FtM-38NPM

TOWN OF FORT MYERS
BEACH, FLORIDA, BILL
STOUT and OFFICER LUCCI,

       Defendants.

_____/

**OPINION AND ORDER**[1]

Before the Court is Plaintiff Adam Lacroix's motion for a temporary restraining order. (Doc. 5). In the Motion, Lacroix, a street preacher, contends that he will be irreparably harmed unless Defendants are enjoined from enforcing the city code against him.

LaCroix has twice been cited for violating the Fort Myers Beach sign ordinances while speaking and distributing free literature and portable signs in public areas. First, on October 1, 2020, Officer Bill Stout issued LaCroix a written warning for violating "30.5 para. 18." (Doc. 5 at ¶ 41). Second, on

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

December 17, 2020, Officer Lucci issued LaCroix a written citation, stating,

"Signs 30-4(a) 30-5(18)." (Doc. 5 at ¶ 57). Fort Myers Beach has a code of

ordinances. Code Section 30-4(a) forbids any person to "erect, construct,

enlarge, move, or convert any sign in the Town of Fort Myers Beach…without

first obtaining a sign permit for each such sign as required by this chapter."

Code Section 30-5(18) prohibits portable signs. He claims these citations

violate his constitutional rights to freedom of speech and free exercise of

religion.

Federal Rule of Civil Procedure 65(b)(1) authorizes the Court to issue a

temporary restraining order where "specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage

will result to the movant before the adverse party can be heard in opposition"

and the "movant's attorney certifies in writing any efforts made to give notice

and the reasons why it should not be required." A temporary restraining order

"is an extraordinary remedy to be granted only under exceptional

circumstances." *Rumfish Y Vino Corporation v. Fortune Hotels, Inc.*, 403 F.

Supp. 3d 1227, 1231 (M.D. Fla. 2019) (cleaned up).

To obtain a temporary restraining order, a movant must show: (1) a

substantial likelihood of success on the merits; (2) an irreparable injury in the

absence of the requested injunction; (3) a threatened injury that exceeds any

injury to the non-moving party caused by the injunction; and (4) that public

policy favors such an order. *Id.* (cleaned up); *see also* M.D. Fla. L.R. 4.05(b)(4) (requiring a party requesting a temporary restraining order to submit a brief or memorandum addressing these factors).

In addition, Local Rule 4.05(b)(3) requires that a motion for a temporary restraining order: (1) describe precisely the conduct sought to be enjoined; (2) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c); (3) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d); and (4) be accompanied by a supporting legal memorandum or brief. See M.D. Fla. L.R. 4.05(b)(3). The Local Rules also provide that a motion for temporary restraining order must show that the movant's anticipated inquiry "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *Id.* at 4.05(b)(2).

Here, the extraordinary remedy of a temporary restraining order is not warranted. LaCroix has not shown that injury is so imminent that notice and a hearing is impractical if not impossible. Lacroix does not explain why the Court must issue a temporary restraining order now without giving notice to the City. He does not show how an immediate injury will occur when the claims stem from incidents on October 1 and December 17. Lacroix provides no concrete plans to display signs in the imminent future, only generally

stating that he plans to display signs at points over the next three years. (*See* Doc. 5 at ¶ 21). Rather, Lacroix wants the Court to determine whether the enforcement of the City's ordinances violates his constitutional rights. (Doc. 5 at ¶ 22). Such a determination does not require issuing a temporary restraining order.

Lacroix's motion for temporary restraining order is also procedurally deficient. It violates Local Rule 3.01 (a), which provides: "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than 25 pages." The motion itself, which is 17 pages, includes no memorandum of legal authority. (Doc. 5). Instead, Lacroix includes his 18-page memorandum in a separate document (Doc. 6).[2] The result is a 35-page motion spanning more than one document in violation of Local Rule 3.01 (a).

After careful consideration, the Court finds that the extraordinary remedy of a temporary restraining order is not warranted. Lacroix may file a motion for a preliminary injunction, provided he follows the proper procedure for notifying and serving Defendants.

---

[2] This does not count the caption and signature pages.

Accordingly, it is now

**ORDERED:**

Plaintiff Adam Lacroix's motion for temporary restraining order (Doc. 5)

is **DENIED**.

    **DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5